DEAN *v.* ANDREWS.

DEEDS—RESERVATION OF CROPS.

> The Supreme Court, agreeing with the circuit judge that the
> reservation in a deed from complainant to defendant was of
> the crops "sown" in the fall of 1896, and not, as claimed by
> defendant, of the crops "I own" in the fall of 1896, affirmed
> the decree restraining defendant from interfering with com-
> plainant's removal of crops sown at such time.

Appeal from Oakland; Smith, J.   Submitted May 4,
1899.   Decided June 28, 1899.

Bill by Sedgwick Dean against Charles B. Andrews
and another to restrain interference with the removal of
crops.   From a decree for complainant, defendants appeal.
Affirmed.

*A. & S. H. Perry*, for complainant.

*Sidney T. Miller* and *Charles T. Alexander*, for
defendants.

HOOKER, J.   This case involves a question of fact.
The complainant exchanged a farm for other real estate.
His deed contained a clause which, according to the com-
plainant's contention, reads as follows, viz. :   "Excepting
the right of possession of the above-described property
until April 1, 1897, and the right to gather the crops
sown in the fall of 1896."   The defendants insist that the
word "sown" should be read "I own."   The defendants
refused to permit complainant or his tenant to care for or
harvest the wheat and rye growing on the land in the
spring of 1897, and this bill was filed to restrain them
from preventing such care and removal, and from causing
it to be removed themselves.   A demurrer was interposed
and overruled.   No appeal from this order was taken, and

subsequently the bill was amended, and the case went to hearing upon proofs taken in open court. A decree was entered in favor of the complainant, and the defendants have appealed.

It would subserve no useful purpose to reiterate the testimony. We are of the opinion that the agreement between the parties was as the complainant contends, and that the deed should be construed to read "sown," instead of "I own." As the complainant has secured the grain, it is only necessary to add that the decree is affirmed, with costs.

The other Justices concurred.